Per Curiam.

The record discloses that the premises involved consisted of a four-room house, not modern, *309 and outbuildings. Copies of the orders of tbe Office of the Housing Expediter, Office of Eent Control, and other evidence relative to these premises discloses that the maximum rent stated was $35 per month but that the premises were rented to the plaintiff for $25 per month, that her tenancy began August 21, 1946, and terminated October 19, 1947, and that on June 23,1947, the Office of Eent Control reduced the rent from $35 per month to $17.50 per month, which sum was then established as the maximum rent for the premises. The order so issued was dated June 23, 1947, but was made effective August 1, 1946, and provided as follows:
“Therefore, it is ordered that the maximum rent for the above-described accommodations be, and it hereby is, decreased from $35 per month, to $17.50 per month, effective from August 1, 1946 (exclusive of the period from July 1, 1946, through July 25, 1946). No rent in excess of $17.50 (maximum rent established by this order) may be received or demanded.
“Any rent collected from the effective date of this order (exclusive of the period from July 1, 1946, through July 25, 1946), in excess of the amount provided in this order shall be refunded to the tenant within 30 days from the date this order is issued unless the refund is stayed in accordance with the provisions of Section 1300.209 or 1300.217 of Revised Procedural Regulation No. 3.”
The defendant reduced the rent to $17.50 per month and has collected that sum since the date of the order but has refused to refund for the period prior to the date of such order.
The question presented to this court is whether there was error in the judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas wherein damages in the sum of $150 (double the claimed overcharge) and $100 attorney fees were awarded.
*310 Section 205 (d) of the Emergency Price Control Act of 1942 provided:
“No person shall be held liable for damages or penalties in any federal, state, or territorial court, on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this act or any regulation, order, price schedule, requirement, or agreement thereunder, or under any price schedule of the Administrator of the Office of Price Administration or of the Administrator of the Office of Price Administration and Civilian Supply, notwithstanding that subsequently such provision, regulation, order, price schedule, requirement, or agreement may be modified, rescinded, or determined to be invalid. In any suit or action wherein a party relies for ground of relief or defense upon this act or any regulation, order, price schedule, requirement, or agreement thereunder, the court having jurisdiction of such suit or action shall certify such fact to the administrator. The administrator may intervene in any such suit or action.” (56 U. S. Statutes at Large, 33.)
The same subsection is still in effect in substantially the same language in Section 1896, Title 50, Appendix, U. S. Code.
The record in this case does not disclose any evidence of anything done or omitted to be done in bad faith by the defendant. The record discloses instead a rental of the property at a sum substantially less than the maximum rental authorized under the Rent Control Act at the time the tenancy began and an immediate reduction of the rent at the time of the issuance of the order and in accordance therewith. The retroactive application of the new maximum rent figure for a period of ten months was an arbitrary and capricious infliction of punitive damages on a landlord *311 who had in good faith complied with the Bent Control Act and orders issued thereunder.
The judgment of the Court of Appeals is, accordingly, reversed, and final judgment is rendered for defendant.

Judgment reversed and final judgment for defendant.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.